**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **GLORIA COOPER,** | § § § **Civil Action No.:** |
| Plaintiff, | § § |
| v. | § § |
| **OXFORD LAW, LLC,** | § **JURY TRIAL DEMANDED** § |
| Defendant. | § § |

## COMPLAINT

GLORIA COOPER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against COHEN, KAPLAN & TULOWITZ, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Texas Debt Collections Practices Act, Tex. Fin. Code Ann. § 392.301 *et seq.* ("TFDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction over all state law claims is proper pursuant to 28 U.S.C. § 1367 et seq.

4. Defendant conducts business in the State of Texas and therefore personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5. Plaintiff is a natural person who resides in Humble, Texas 77346.

6. Defendant is a national debt collection company with headquarters located at 311 Veterans Highway, Suite 100A, Levittown, PA 19056.

7. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6) and Tex. Fin. Code Ann. § 392.001(6); and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5) and Tex. Fin. Code Ann. § 392.001(2).

8. Defendant regularly conducts business in the State of Texas, thus personal jurisdiction is established.

9. Defendant acted through its agents, collectors, employees, officers, members, directors, assigns, principals, and representatives.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a credit card issued by Care Credit.

11. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12.     Throughout July and August 2013, Defendant's collectors engaged in debt collection activities seeking payment from Plaintiff for the alleged Care Credit debt.

13.     Defendant's collectors repeatedly made harassing telephone calls to Plaintiff's cellular telephone number seeking to collect this alleged debt.

14.     On numerous occasions, Defendant's representatives called Plaintiff at least once per day.

15.     During these telephone calls with Plaintiff, Defendant's representatives made threats to Plaintiff.

16.     Specifically, Defendant threatened to take legal action against Plaintiff, and to report Plaintiff's debt to a credit reporting agency.

17.     Defendant has not taken legal action against Plaintiff.

18.     Based upon information and belief, Defendant did not intend to take legal action against Plaintiff, but made this threat with the intent to scare and coerce payment from Plaintiff.

19.     Defendant's threats caused Plaintiff anxiety.

20.     Within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notice setting forth her rights to dispute the debt and/or seek verification of the debt pursuant to the FDCPA.

21.     Further, during one of her conversations with one of Defendant's collectors, Plaintiff told the collector that she disputes the debt, and requested verification of the debt.

22.     Defendant did not send Plaintiff the requested verification of the debt.

23.     In or around July 2013, Defendant withdrew $300.00 from Plaintiff's personal bank account without her express authorization or permission.

24.     Plaintiff had this unauthorized charge reversed.

25. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

26. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. Defendant violated § 1692d when it placed repeated harassing calls to Plaintiff; when it threatened to take legal action against Plaintiff, although it never actually intended to do so; and, when it threatened to report the alleged debt to a credit reporting agency, although it never actually intended to do so.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

28. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

29. Defendant violated § 1692d(5) when it placed repeated harassing calls to Plaintiff.

## COUNT III
## DEFENDANT VIOLATED §§ 1692e AND 1692e(10) OF THE FDCPA

30. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

31. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32. Defendant violated §§ 1692e and 1692e(10) when it made several false and deceptive representations, including threatened to take legal action and threatening to report the alleged debt to a credit reporting agency although it had no intent to actually do so.

## COUNT IV
## **DEFENDANT VIOLATED § 1692e(5) OF THE FDCPA**

33. A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken..

34. Defendant violated § 1692e(5) when it threatened to take legal action against Plaintiff, despite not having the intent to actually take such action; and, when it threatened to report the alleged debt to a credit reporting agency, despite not having the intent to actually take such action.

## COUNT V
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

35. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

36. Defendant violated § 1692f when it harassed Plaintiff regarding the alleged debt; when it threatened and made several misrepresentations to Plaintiff; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT VI
## **DEFENDANT VIOLATED § 1692g(a) OF THE FDCPA**

37. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38. Defendant violated § 1692g(a) when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt, as well as the name of the original creditor and the amount of the debt.

## COUNT VII
## **DEFENDANT VIOLATED § 392.302(4) OF THE TFDCPA**

39. A debt collector violates § 392.302(4) of the TFDCPA by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

40. Defendant violated § 392.302(4) of the Texas FDCPA by causing Plaintiff's

cellular telephone to ring repeatedly or continuously with the intent of annoying and harassing the person at the called number, as it called Plaintiff on a daily basis.

WHEREFORE, Plaintiff, GLORIA COOPER, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b); and

    d.    Any other relief deemed appropriate by this Honorable Court.

RESPECTFULLY SUBMITTED,

Dated: July 21, 2014    KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile (877) 788-2864
Email: abennecoff@creditlaw.com